STATE OF CONNECTICUT *v.* ANONYMOUS (1974–3)*

APPELLATE DIVISION OF THE CIRCUIT COURT

* Thus entitled, in view of General Statutes § 54-90.

HENRY J. GOLDBERG, J. The defendant has appealed from a judgment based on a finding of guilty by a jury of pool selling in violation of § 53-295 of the General Statutes.

The facts relevant to our determination of this appeal are as follows: Two state troopers, with search warrants authorizing the search of the defendant, his automobile and certain premises, stopped the defendant while he was operating his automobile and searched him and his automobile. They found and seized certain keys on the defendant and then proceeded with him to the premises, where they seized materials allegedly used in the commission of crimes of pool selling.

Prior to trial, the defendant filed a motion that the court suppress the evidence seized on the ground that the search warrants were issued without probable cause. This motion was denied, and during the jury trial the court denied a similar motion,

treating the court's ruling on the preliminary motion to suppress evidence as decisive on the question of probable cause.

The defendant has assigned error in the denial of the motions. These claims of error raise the issue which is decisive of this appeal, namely, whether the affidavits in support of the search warrants issued against the premises and the person of the defendant were legally sufficient. In determining that sufficiency, we are concerned only with the statements of fact contained in the affidavits.[1] Both affidavits, each consisting of sixteen paragraphs, are identical.

The fourth amendment to the United States constitution provides that "no warrants shall issue, but upon probable cause, supported by oath or affirmation." "In testing the validity of the warrant, the reviewing court can only consider information brought to the magistrate's attention. . . . Since the only information before the issuing authority was the affidavit of the police officer, the decisive question is whether the facts recited in it were sufficient to support a finding of probable cause." *State* v. *Jackson,* 162 Conn. 440, 443; *Aguilar* v. *Texas,* 378 U.S. 108.

The sufficiency of the affidavits must be measured in the light of the guiding principles of *Aguilar* v. *Texas,* supra, and *Spinelli* v. *United States,* 393 U.S. 410. *Aguilar* has established a two-pronged test requiring that the affidavit in question contain (1) some underlying facts and circumstances from which the informant could conclude that what he alleged was so; and (2) some underlying facts and

---

[1] No evidence was offered at the hearing on the motion to suppress as to the legality of the search warrants. Whether the facts recited in the affidavits were sufficient to support a finding of probable cause was treated as a question of law.

circumstances from which the affiant could conclude that the informant was credible or his information reliable.

With respect to the first prong of the *Aguilar* test, there can be no question that the information secured from the informant constituted the fundamental basis for the issuance of the search warrants. *Aguilar* requires that the magistrate be provided with a sufficient statement of the underlying circumstances from which he could evaluate the validity of the informant's conclusion that what the informant alleged was so. In the instant affidavits, no factual underlying circumstances with any probative value concerning gambling activities was offered to support the conclusion that such criminal conduct was being carried on at the premises in question. The informant's information in the affidavits that "horse bets, policy bets and sports bets are being taken" is a mere affirmation of suspicion and belief. It is a conclusionary charge without any statement of adequate supporting facts. The bare accusation of the informant's report cannot be used to give a suspicious color to the other facts in the affidavits, which are not inherently suspicious, in order to establish probable cause.

In addition to there being no underlying facts concerning the conclusionary charge, the affidavits state that "[t]he informant was told of this activity." Thus, it is obvious that the informant had no personal knowledge that gambling bets were being taken. The informant possessed only hearsay information which he passed on to the affiants. This is hearsay evidence upon hearsay evidence. Although double hearsay may be permissible in affidavits under certain circumstances, it is completely unacceptable under the circumstances of this case. The informant concededly came by whatever infor-

mation he had indirectly. No explanation was made to the magistrate as to why the informant considered his source reliable. It is conceivable that such a chain of hearsay information might not even have originated with the first anonymous informant. "In the absence of a statement detailing the manner in which the information was gathered, it is especially important that the tip describe the accused's criminal activity in sufficient detail that the magistrate may know that he is relying on something more substantial than a casual rumor circulating in the underworld or an accusation based merely on an individual's general reputation." *Spinelli* v. *United States,* supra, 416.

We conclude that the first requirement of the *Aguilar* test has not been satisfied under the circumstances of this case and that therefore there was no adequate basis for the issuance of the search warrants.

Moreover, *Aguilar* requires the fulfilment of a second standard, namely, a statement of underlying circumstances from which the officer can conclude that the informant was reliable. *State* v. *Jackson,* supra; *Alexander* v. *Superior Court,* 9 Cal. 3d 387. In the instant case there is no information given in the affidavits with respect to the reliability of the undisclosed informant other than a general statement that in the past he had given information which "has resulted in the arrest and conviction of persons for gambling offenses." This statement, standing alone, is insufficient to give the magistrate even a minimal basis on which to form an independent judgment as to the informant's reliability. Moreover, the additional information as to the surveillance set up at the premises does not lend any support whatsoever to the unreliable tip and does not cause "the suspicions engendered by the informant's

report to ripen into a judgment" that gambling bets were being taken at these premises. *Spinelli* v. *United States,* supra, 418.

As noted above, the decisive issue with respect to the affidavits relates to the informant's report, which we have found to be deficient. We must also, however, give consideration to the allegations of the affidavits which resulted from the surveillance and independent investigative efforts of the police officers, in order to determine whether these allegations correct the otherwise deficient affidavits. *Spinelli* v. *United States,* supra, 415. An examination of the affidavits in this regard reveals no more than the following: The premises were listed as vacant in the city directory; the mailbox was marked in chalk as vacant; two unidentified males entered and left the premises during the four days of surveillance at various times during the day; the two unidentified males arrived in separate automobiles except on one occasion; the registrations of the automobiles were ascertained; the ground floor of the premises contained a vacant store, and there was an air conditioner in the window of the second-floor apartment which was running; the venetian blinds on the windows of the second floor were closed; the officers had a picture of the defendant, who had been convicted once of pool selling, but they were unable to identify which of the two men under surveillance was the defendant; the two men were using the apartment from approximately 9 a.m. to 9:50 p.m.; on two occasions each day, one or the other left the apartment and returned about two hours later; on two occasions the returning male was carrying a large shopping bag; on one occasion a telephone service man was admitted by one of the unidentified males to the vacant ground floor area, but he departed within three minutes and did not return; no other pedestrian traffic to and from the premises was

observed; the hours in which the men were using the premises were the usual hours used by persons engaged in the bookmaking business; the officers believed that probable cause existed for the issuance of the search warrants.

These allegations, taken individually or as a laminated total, do not provide an adequate basis for a conclusion of criminal activity at the premises or by the defendant, without resort to surmise, suspicion, conjecture and unwarranted assumptions. The police observations do not supply sufficient information to correct the particular deficiency in the hearsay portions of the affidavits. The circumstances taken as a whole do not provide an adequate basis of probable cause for the issuance of the search warrants.

The court acting on the preliminary motion to suppress evidence secured under the search warrants committed error in denying the motion. The trial court was in error in adopting this ruling and in subsequently admitting the evidence seized.

The defendant in his assignment of errors has raised a number of other questions which we find unnecessary to decide in view of our determination of this appeal.

There is error, the judgment is set aside and the case is remanded with direction to render judgment that the defendant is not guilty and ordering that he be discharged.

In this opinion LEXTON and MEMBRINO, Js., concurred.